# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH WHITE and STEVEN KOHNER d/b/a/ or a/k/a/ HAPPE LIMITED PARTNERSHIP, PCE ELECTRIC INC., PERFECT CONNECTION ELECTRIC INC., PERFECT HOME IMPROVEMENTS, ELECTRICIAN 24/7, ELECTRIC PROBLEMS?, NO GIMMICK PRICING, 24 HR. SAME DAY SERVICE, CA ELECTRIC, DOMINIC'S CONCRETE, THE CONCRETE SPECIALIST, A.F.D.R. INVESTMENTS, ASSET USA, ELECTRICIAN, INC., LAS VEGAS ELECTRIC, JOHNNY THE PLUMBER, JONNY THE PLUMBER, NATIONWIDE HOME SOLUTIONS, INC., FUNCO LP and S. KOHNER ELECTRIC | : : : : : : : : : : : : : : | CIVIL ACTION<br><br>No. 10-3062 |
| Defendants. | : : | |

## **MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                          **MARCH 10, 2011**

Presently before the Court is Plaintiff Yellow Book Sales and Distribution Company, Inc.'s ("Yellow Book") "Motion to Strike Answer and New Matter of Defendant Joseph White" ("Motion"). For the reasons set forth below, Yellow Book's Motion will be granted.

I.      **BACKGROUND**

On June 24, 2010, Yellow Book filed a Complaint against Defendant Joseph White

("White") and Defendant Steven Kohner ("Kohner") for breach of contract, fraud, conspiracy and unjust enrichment. Yellow Book alleges that White perpetrated a fraud upon Yellow Book by himself and in conspiracy with Kohner by contracting for Yellow Book's advertising services using various alter ego businesses, paying the minimum required down payment and willfully failing to pay the remaining balances under the contracts. (Compl. ¶ 16.) Yellow Book served its Complaint upon Defendant White on October 31, 2010.

On December 1, 2010, Plaintiff submitted "Plaintiff's Request for Entry of Default Against Defendant Joseph White" to the Clerk of Court for failure to answer or otherwise respond to the Complaint. One day later, on December 2, 2010, the Clerk of the Court entered a default against White for his failure to appear, plead or otherwise defend in the instant action.

On December 10, 2010, White filed "Answer of Defendant Joseph White to Plaintiff's Complaint with New Matter" ("Answer"). In response, On December 27, 2010, Yellow Book filed a "Motion to Strike Answer and New Matter of Defendant Joseph White" ("Motion to Strike") with an accompanying "Memorandum of Law in Support of Motion to Strike Answer and New Matter of Defendant Joseph White" ("Pl's Memo"). Essentially, Yellow Book argues that White's untimely Answer violated Federal Rule of Civil Procedure 12(a)(1)(A)(i) and Federal Rule of Civil Procedure 7 and should therefore be stricken.[1] (Pl's Memo at 3.)

---

[1] On January 19, 2011, White filed a Response to Yellow Book's Motion to Strike requesting that the Court dismiss Yellow Book's Motion to Strike, vacate the entry of default and grant it 20 additional days to file an Amended Answer. The response was filed late as per Local Rule of Civil Procedure for the Eastern District of Pennsylvania 7.1(c) without explanation and is not properly part of the record. On February 9, 2011, Yellow Book filed a Motion to Strike White's Response. The Court will refrain from deciding that motion as the disposition of the current motion renders it moot.

## II.     DISCUSSION

**1.     Time for Filing a Responsive Pleading**

Federal Rule of Civil Procedure12(a)(1)(A)(i) governs the time to serve a responsive pleading. Fed. R. Civ. P. 12(a). It states in relevant part: "the time for serving a responsive pleading is within 21 days after being served with the summons and complaint." Id. A party who fails to timely answer the original complaint risks entry of default and judgment of default. Rule 6(b) provides the method by which a party may seek an extension of time for filing an answer. Fed. R. Civ. P. 6(b). It states in pertinent part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time if a request is made before the original time expires or on motion made after the time has expired if the party failed to act because of excusable neglect.[2] Id. If the moving party does not seek an extension until after the time limit has expired, the court may exercise its discretion only if a motion is made and the moving party proves its failure to comply with the applicable deadline was the result of excusable neglect. Drippe v. Tobelinksi, 604 F.3d 778, 784 (3d Cir. 2010) (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 n. 5. (1990)). Whether an act or omission qualifies as excusable neglect depends on three factors: the danger of prejudice to the [opponent], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. In re O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125 (3d Cir. 1999).

White's failure to timely plead or otherwise defend constituted a proper basis for an entry

---

[2]White did submit an untimely response on January 19, 2011, which was in substance a motion seeking an extension of time, the disposition of this Motion will render it moot.

of default under Rule 55(a). Although White was properly served on October 31, 2010, he did not file an Answer until December 10, 2010. This was nine days after the entry of default. Prior to filing the untimely Answer, White at no time availed himself of the protections provided for in Rule 6(b) by seeking an extension of time. The Answer itself offers no acknowledgment or explanation for the late submission.

**2.     Relief from Entry of Default**

When a default is entered against a party who has failed to plead or otherwise defend, it may only be vacated upon a showing of "good cause" under Rule 55(c) or for reasons provided for under Rule 60(b). White neither alleged good cause for the untimely submission at the time he filed his Answer nor do we find good cause at present. Thus, entry of default was proper and we will strike White's Answer and New Matter due to its untimely submission.

Federal Rule of Civil Procedure 55(a) instructs the clerk to enter a default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). A party may seek relief from an entry of default under Rule 55(c) or Rule 60(b).[3] Rule 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In considering whether good cause exists to set aside a default, we must consider "whether the plaintiff will be prejudiced; whether the defendant has a meritorious defense; and whether the default was the result of defendant's culpable conduct." Miles v. Aramark Corr. Serv., 236 Fed. Appx. 746, 751 (3d Cir. 2007) (citing Gold Kist, Inc. v.

---

[3]We will only address whether there exists good cause under Rule 55(c) as White's Motion does not address Rule 60(b).

Laurinburg Oil Co., 757 F.2d 14, 19 (3d Cir. 1985)).

A meritorious defense is "presumptively established when the allegations of a defendant's answer, if established at trial, would constitute a complete defense to the action." In re Earle Indus. Inc., 67 B.R. 822, 824 (Bankr E.D. Pa., 1986) (citing In re Juil, 52 B.R. 343, 347 (Bankr. E.D. Pa. 1985)). However, "a party seeking to prove a meritorious defense must allege specific facts that stretch beyond a general denial." E. Elec. Corp. of N.J. v. Shoemaker Const .Co., 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009). In other words, the party cannot rest solely "on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil Procedure." Id. (citing United States v. $55,5108.05 in U.S. Currency, 728 F.2d 192, 195-96 (3d Cir. 1984)). Because White failed to plead or otherwise defend prior to the Clerk's entry of default, the entry of default was proper in this case. Fed. R. Civ. P. 55(a). Under Rule 55(c), we will only grant relief from the entry of default if there is good cause, and we find there is not good cause.

First, White has failed to present any meritorious defense. Yellow Book has pled that the phone numbers to the various alter egos ring to White's office and that White used his credit card to pay several deposits for those alter egos. (Compl. ¶¶19-32.) White offers no explanation or response to those allegations. His defenses are best characterized as general denials that he personally is not liable under the contracts at issue, and that he has no affiliation with the alter egos implicated by Yellow Book. Additionally, White's eleven additional defenses included in "New Matter" are the sort of mere recitations of the relevant statutory language or phrases in the Federal Rules of Civil Procedure that we have already held to be without merit. See E. Elec. Corp. of N.J., 652 F. Supp. 2d at 606. Thus, we find that White lacks a meritorious defense.

Secondly, we find that the default was the result of White's conduct and that his conduct was culpable. Culpable conduct may be found where a party "[has] not engaged in the litigation process and [has] offered no reason for [such] failure or refusal. E. Elec. Corp. of N.J. 652 F.Supp.2d at 607. Although White was personally served with process, he did not participate, appear, plead, or otherwise defend in any way from the date of service until after the entry of default. At that time, White provided no reason for his late submission or request for relief from the default. Accordingly, White's conduct is culpable.

Finally, we find that Yellow Book has been sufficiently prejudiced as a result of White's late filings. White's untimely submission of his Answer caused Yellow Book to engage in further costly litigation and time to respond to the Answer and to have it struck from the record. Additionally, Yellow Book asserts that it has been "delayed in potentially time-sensitive discovery." (Pl's. Mem. at 3). White was also late in responding to Yellow Book's Motion to Strike. The Third Circuit has held that where a party demonstrates a pattern of delay and non-participation, the Court is within its discretion to deny relief from the default. See Comdyne I., Inc. v. Corbin, 908 F.2d 1142 (3d Cir. 1990).

In sum, Yellow Book's pleadings have been in conformity with the Federal Rules of Civil Procedure, while White's have been consistently dilatory. Accordingly, we will grant Yellow Book's Motion to Strike White's Answer with New Matter. See generally U.S. v. Foust Distilling Co., 36 F.R.D. 92 (M.D. Pa. 1960) (holding that equitable principles favor the party who complies with the Federal Rules of Civil Procedure for purposes of default).

**3.     Plaintiff's Motion to Strike Defendant White's Answer with New Matter**

Federal Rule of Civil Procedure 12(f) governs Motions to Strike. It states, in relevant

part: "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The court may act on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Id. "Immaterial matter is that which has no essential or important relationship to the claim for relief." Del. Health Care Inc. v. MCD Holding Co., 893 F. Supp. 1279, 1291-92 (D. Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id.

District courts are afforded "considerable discretion" when addressing a motion to strike. See Woods v. ERA Med LLC, No. 08-2495, 2009 U.S. Dist. LEXIS 3965, at *32 (E.D. Pa. Jan. 21, 2009). Generally, motions to strike are not favored and "usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." River Rd. Dev. Corp. v. Carlson Corp. - Ne., No. 89-7037, 1990 U.S. Dist. LEXIS 6201, at *7 (E.D. Pa. May 23, 1990); see also DeLa Cruz v. Piccari Press, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007).

The Answer filed in response to an entry of default was immaterial to relief from default and impertinent because it did not pertain to the issue. As set forth above, a defaulting party may seek relief for "good cause" under Rule 55(c) or may seek relief by filing a motion under Rule 60(b) alleging any of the reasons enumerated under its terms. Fed. R. Civ. P. 55(c), 60(b). The Answer failed to provide a basis for good cause and we will not substitute it for a motion made under Rule 60(b).

Moreover, White's Answer not only confuses the issue but also ignores the existence of an issue because it is a responsive pleading to a Complaint and not responsive to an entry of

7

default.  Yellow Book contends that it has been prejudiced by being forced to expend time and resources responding to White's late filing and has been delayed in potentially time-sensitive discovery.  (Pl's. Mem. at 3.)  We find that these actions taken on behalf of Yellow Book do constitute prejudice as required under Rule 12(f).  Accordingly, we will grant Yellow Book's Motion to Strike Answer and New Matter of Defendant Joseph White.

      An appropriate Order follows.