## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YELLOW BOOK SALES AND DISTRIBUTION COMPANY, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH WHITE and STEVEN KOHNER d/b/a/ or a/k/a/ HAPPE LIMITED PARTNERSHIP, | : | CIVIL ACTION |
| PCE ELECTRIC INC., | : | |
| PERFECT CONNECTION ELECTRIC INC., | : | |
| PERFECT HOME IMPROVEMENTS, | : | |
| ELECTRICIAN 24/7, ELECTRIC PROBLEMS?, | : | No. 10-3062 |
| NO GIMMICK PRICING, 24 HR. SAME DAY | : | |
| SERVICE, CA ELECTRIC, DOMINIC'S | : | |
| CONCRETE, THE CONCRETE SPECIALIST, | : | |
| A.F.D.R. INVESTMENTS, ASSET USA, | : | |
| ELECTRICIAN, INC., LAS VEGAS | : | |
| ELECTRIC, JOHNNY THE PLUMBER, | : | |
| JONNY THE PLUMBER, | : | |
| NATIONWIDE HOME SOLUTIONS, INC., | : | |
| FUNCO LP and S. KOHNER ELECTRIC | : | |
| | : | |
| Defendants. | : | |
| | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                    **FEBRUARY 4, 2014**

      Presently before the Court is Defendant, Joseph White's ("White"), Motion to Set Aside Judgment (Doc. No. 30.), Plaintiff, Yellow Book Sales and Distribution Company, Inc.'s ("Yellow Book"), Response, and White's Reply thereto.  For the reasons set forth below, this Motion will be denied.

### I.     BACKGROUND

      On June 24, 2010, Yellow Book filed a Complaint against White and Defendant, Steven

Kohner ("Kohner"), for breach of contract, fraud, conspiracy and unjust enrichment. Yellow Book alleged that White perpetrated a fraud upon Yellow Book by himself, as well as in conspiracy with Kohner, by contracting for Yellow Book's advertising services using various alter ego businesses, paying the minimum required down payment, and willfully failing to pay the remaining balances under the contracts. Compl. ¶ 16. Yellow Book served its Complaint upon Defendant White on October 31, 2010.

On December 1, 2010, Plaintiff submitted "Plaintiff's Request for Entry of Default Against Defendant Joseph White" to the Clerk of Court for failure to answer or otherwise respond to the Complaint. One day later, on December 2, 2010, the Clerk of the Court entered a default against White for his failure to appear, plead or otherwise defend in the instant action.

On December 10, 2010, White filed the "Answer of Defendant Joseph White to Plaintiff's Complaint with New Matter" ("Answer"). (Doc No. 13.) In response, on December 27, 2010, Yellow Book filed a "Motion to Strike Answer and New Matter of Defendant Joseph White" ("Motion to Strike"). (Doc. No. 15.) Essentially, Yellow Book argued that White's untimely Answer violated Federal Rule of Civil Procedure 12(a)(1)(A)(i) and Federal Rule of Civil Procedure 7 and should, therefore, be stricken. (Pl's Memo at 3.) White filed a Response and further requested that this Court vacate the entry of default and grant him an additional twenty days to file an amended Answer. (Doc. No. 17.)

On March 10, 2011, we filed a Memorandum Opinion granting Yellow Book's Motion to Strike and denying White's request to vacate the default. Yellow Book Sales and Distribution Co., Inc. v. White, et al., No. 10-3062, 2011 WL 830520, at *1-3 (E.D. Pa. Mar. 10, 2011). In denying White's request to vacate the entry of default, we considered the request under Federal

2

Rule of Civil Procedure 55(c).[1]  We noted that when a default is entered against a party who has failed to plead or otherwise defend, it may only be vacated upon a showing of "good cause" under Rule 55(c) or for the reasons provided under Rule 60(b).  Id. at *2.  We further stated that in considering whether good cause existed to set aside a default, we must consider "whether the plaintiff will be prejudiced; whether the defendant has a meritorious defense; and whether the default was the result of defendant's culpable conduct." Id. (citing Gold Kist, Inc. v. Laurinburg Oil Co., 757 F.2d 14, 19 (3d Cir. 1985)).  We determined that there was not good cause to grant the relief from entry of judgment by reason of White's failure to present any meritorious defense, and that the default was the result of White's culpable conduct.  Id.  We noted that culpable conduct may be found where a party "[has] not engaged in the litigation process and [has] offered no reason for [such] failure or refusal.  Id. (citing E. Elec. Corp. of N.J. v. Shoemaker, 652 F. Supp. 2d 599, 607 (E.D. Pa. 2009)).  We concluded that:

> Although White was personally served with process, he did not participate, appear, plead, or otherwise defend in any way from the date of service until after the entry of default.  At that time, White provided no reason for his late submission or request for relief  from the default.  Accordingly, White's conduct is culpable.

Id. at *3.

On June 30, 2011, Yellow Book filed a Motion to enter judgment against White, and on July 29, 2011, this Court granted the Motion.  (Doc. Nos. 21-22.)  On October 24, 2013, White filed a Motion to Set Aside Judgment by Default.  (Doc. No. 30.)  Yellow Book responded, and

---

[1] We noted that a party may seek relief from an entry of default under Federal Rule of Civil Procedure 55(c) or Rule 60(b).  Rule 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).  However, we considered White's request only under Rule 55(c) because White's Motion did not address Rule 60(b).  Yellow Book Sales, 2011 WL 830520, at *2.

White filed a reply thereto.  (Doc. Nos. 33-34.)

## II.   DISCUSSION

White acknowledges that the instant Motion has been filed more than two years from the date of the default judgment, but asserts that "extraordinary circumstances" justify relief under Federal Rule of Civil Procedure 60(b)(6).[2]  White claims that he only learned of the entry of judgment and subsequent default judgment after September 26, 2013, when Yellow Book's counsel served him notice of a sheriff's sale on his home.  (Def.'s Brief at 2.)  He asserts that this is the fault of his prior counsel, Steven Ostroff, Esq. ("Ostroff"), whose "egregious" conduct amounts to an abandonment, which justifies setting aside the default judgment.  (Id.)

White alleges the following regarding his prior counsel.  On November 24, 2010, White inquired from Ostroff whether an answer to the Complaint had been completed and asked for a verification page to sign.  (Id.)  As noted, default was entered against White on December 2,

---

[2]Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

4

2010, and on December 3, 2010, Ostroff informed White that the answer was unfinished and he was looking to file it in the next few days.  (Id.)  On December 10, 2010, Ostroff filed the "Answer of Defendant Joseph White to Plaintiff's Complaint with New Matter," and Yellow Book filed a Motion to Strike the Answer on December 27, 2010.  (Id.)  White contends that Ostroff did not inform him that Yellow Book had filed such Motion, and that he believed at all times that an answer had been timely filed.  (Id.)

White further asserts that Ostroff did not respond to any of his requests for information regarding the status of the case, and that he attempted to contact Ostroff on many occasions, including November and December of 2010 and February and May of 2011, but Ostroff never responded.  (Def.'s Brief at 3 n.1.)  White claims that "[i]t was only after September 26, 2013, when Plaintiff's counsel served a notice of sheriff's sale of White's Home, that he learned that default was imposed upon him and that default judgment was subsequently entered."  (Id. at 3.)  White asserts further that, at this time, he immediately contacted current counsel and the instant Motion was filed.  (Id.)

We first note that Rule 60(c)(1) imposes a bar of one year after the entry of judgment for relief under Rule 60(b)(1)-(3).  See Fed. R. Civ. P. 60(c)(1).  Because the entry of judgment was entered in this action on July 29, 2011, White is only able to seek relief under Rule 60 (b)(6), which provides for relief for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6). The United States Court of Appeals for the Third Circuit ("Third Circuit") has stated that the purpose of Rule 60 is to "strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec. of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  In that regard, the Third Circuit has cautioned that

"the remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'" Moolenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). While the decision to grant relief under Rule 60(b) "is directed to the sound discretion of the trial court," Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988), "one who seeks such extraordinary relief from a final judgment bears a heavy burden." Plisco v. Union R.R. Co., 379 F.2d 15, 17 (3d Cir. 1967). The Third Circuit further determined that motions under Rule 60(b)(6) should be granted only where the party seeking relief demonstrates "extraordinary" or "exceptional circumstances." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008); Boughner, 572 F.2d at 977.

It is well-established that a litigant "voluntarily [chooses his] attorney as his representative in [an] action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962). Indeed, "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" Id. at 634 (quoting Smith v. Ayer, 101 U.S. 320, 326 (1880)). "The Supreme Court has made it clear that the neglect of the attorney is to be treated as the neglect of the client." Mayfield v. Vanguard S & L Ass'n, No. 88-0410, 1989 WL 106986, at *2 (E.D. Pa. Sept. 8, 1989); see also Marlowe Patent Holdings LLC v. Dice Electronics, LLC, 293 F.R.D. 688, 700 (D.N.J. 2013). Moreover, the purpose of Rule 60(b) is not to give relief to clients who feel they did not choose the best lawyer for the job. Mayfield, 1989 WL 106986, at *2. Carelessness of a litigant or his attorney is not a ground for relief under Rule 60(b). Id.; see also Defeo v. Allstate Ins. Co., No. 95-244, 1998 WL 328195, at

6

*4 (E.D. Pa. June 19, 1998); <u>Andrews v. Time, Inc.</u>, 690 F. Supp. 362, 364 (E.D. Pa. 1988).

Nonetheless, White relies upon the catch-all phrase in Rule 60(b)(6) that this Court can grant his request to set aside the default judgment for "any other reason that justifies relief," and attempts to blame his prior counsel for his ignorance of the default judgment against him.  Fed. R. Civ. P. 60(b)(6).  In support of his position that his prior counsel "abandoned" him entitling him to relief under this Rule, White relies heavily upon <u>Boughner</u>, 572 F.2d at 976.  In <u>Boughner</u>, the Third Circuit reversed the district court, holding that "the motion to vacate should have been granted under Rule 60(b)(6)."  <u>Id.</u> at 978.  The Court explained that plaintiffs' attorney's "egregious" and "gross" "neglect" in not responding to a motion for summary judgment "amounted to nothing short of leaving his clients unrepresented."  <u>Id.</u> at 977-78.

We first note that White asserts in his Motion that "Ostroff, in addition to filing a late and defective answer without ever seeking an extension, at no point sought relief from the entry of default or default judgment."  (Def.'s Mot. Set Aside Default Judgment at 3.)  This assertion, however, is clearly false.  As stated earlier, on January 11, 2011, Ostroff filed "Defendant Joseph White's Response to Plaintiff's Motion to Strike Answer and New Matter of Defendant Joseph White."  (Doc. No. 17.)  In this document, White, represented by Ostroff, requests this Court to "vacate the default filed by Plaintiff and grant Defendant twenty (20) days to file an Amended Answer to Plaintiff's Complaint."  (<u>Id.</u> at 9.)  As stated earlier, in our prior decision, this Court discussed in detail our rationale in denying White's request to open the default judgment finding that the default was the result of White's own culpable conduct.  <u>See</u> <u>Yellow Book Sales</u>, 2011 WL 830520, at *2-3.

7

We next note that the <u>Boughner</u> Court also determined that the record before it disclosed no "neglect by the parties." <u>Id.</u> at 979.  Here, however, we cannot say that there was no neglect on White's part in allegedly not knowing about the judgment against him.  Moreover, the Third Circuit instructs that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." <u>Budget Blinds</u>, 536 F.3d at 255.  In addition to finding neglect on the part of White, we also find that White's alleged ignorance of the sheriff's sale on his house occurred because of his own "deliberate choices."

Yellow Book has submitted a Proof of Service reflecting that White was personally served on July 3, 2012, by a process server with a Notice of Deposition and Subpoena Duces Tecum to testify at a deposition and produce documents on August 14, 2012, in aid of an execution on the judgment.  (Pl.'s Resp., Exs. A and B.)  The Proof of Service also reflects that White was personally served at his residence at 4503A Boardwalk, Atlantic City, New Jersey. (<u>Id.</u>)  In addition, on July 9, 2012, this same Notice was sent by first class mail and certified mail to this residence and also another residence owned by White at 19 Claire Drive, Newtown, Pennsylvania.  (<u>Id.</u>, Exs. A and C.)  Yellow Book also asserts that when the service package was handed to White, its process server explained to him that it was for his deposition in aid of execution of the judgment.  (Pl.'s Resp. at 4.)  In response to this information, White tossed the service package in the open window of the process server's car and went inside his residence.[3] (<u>Id.</u> at 5.)

---

[3]Yellow Book also includes photos of White being served at his Atlantic City residence, and states that it has a videotape of this entire service, which is available for inspection by this Court.  We, however, believe such an inspection is unnecessary in light of the Proof of Service that was submitted.

We, thus, believe that White has only himself to blame for any purported ignorance of the judgement against him.  He knew or should have known of the judgment no later than July 3, 2012, when he was served with process for a deposition in aid of execution on the judgment. Even if White could refute that he did not toss the service package back to the process server, the fact remains that he was served with such documents and that they also were mailed to his residences.  White cannot now claim ignorance of the judgment against him and fault his prior attorney.  Moreover, these actions stand in stark contrast to his statement in his Affidavit that "[i]t was only after September 26, 2013, when Plaintiff's counsel served notice of a sheriff's sale on my home, that I realized that a default judgment had been imposed upon me personally." (Def.'s Mot. Set Aside Judgment, Ex. B.)  We find that White's own "deliberate choices" put him in the position of allegedly being ignorant of the judgment against him when he was informed of the sheriff's sale on his home.  See Budget Blinds, 536 F.3d at 255.  Accordingly, we conclude that this case does not present extraordinary circumstances justifying relief under Rule 60(b)(6).[4]

An appropriate Order follows.

---

[4]White also asserts that this Court should set aside the default judgment under Fed. R. Civ. P. 55(c).  However, as discussed earlier, this Court previously denied White's request to vacate the default judgment under Rule 55(c).  See Yellow Book Sales, 2011 WL 830520, at *1-3.